UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. GHIACIUC,

      Plaintiff,

v.                                               Case No. 11-13274

BANK OF AMERICA, N.A., a foreign       Honorable Patrick J. Duggan
corporation, et al.,

      Defendants.
_____/

## **ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on May 21, 2012.

PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

On June 16, 2011, Plaintiff filed his complaint in the St. Clair County Circuit Court, naming several defendants. The case was timely removed to this Court. Plaintiff requested clerk's entries of default against Balboa Insurance Company and MeritPlan Insurance Company. In his request, Plaintiff asserted that the summons and complaint were served on these Defendants. On January 23, 2012, the Clerk of the Court entered defaults against both Defendants.

Defendants have filed a motion to set aside and vacate these entries of default and for leave to answer Plaintiff's complaint. Defendants' motion asserts:

1. Service of process was never properly effected upon either Defendant in accordance with the court rules; and

2. That, even if service of process was proper, Defendants have asserted "good cause" for setting aside the entry of default as permitted by Rule 55(c) of the Federal Rules of Civil Procedure.

Attached to Defendants' motion was a "Certificate of Service" indicating that the motion and supporting documents were served upon attorneys of record, including Plaintiff's attorney, Michael A. Kuhr. Local Rule 7.1(e)(2) provides that "[a] response to a non-dispositive motion must be filed within fourteen days after service of the motion." Plaintiff has failed to comply with this rule, and no response has been filed as of this date.

The Court has reviewed Defendants' motion, and the Court is persuaded that such motion should be granted. It appears from the information contained in Defendants' motion that:

1. Service of process was not effected upon either Defendant in accordance with the Michigan Court Rules; and

2. That, even if service of process had been properly effected, Defendants have set forth a meritorious defense which would warrant the granting of Defendants' motion to set aside the default.

Therefore,

Defendants' motion to set aside and vacate the default is **GRANTED;**

and Defendants' motion for leave to answer Plaintiff's complaint is **GRANTED.**


s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Robert A. Kuhr
Brian C. Summerfield
Trevor M. Salaski