UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. GHIACIUC,

    Plaintiff,

v.

BANK OF AMERICA, N.A., a foreign corporation, BAC HOME LOANS SERVICING, L.P., a foreign limited partnership, BALBOA INSURANCE COMPANY, a foreign corporation, MERITPLAN INSURANCE COMPANY, a foreign corporation, NATIONSBANC MORTGAGE CORPORATION, a foreign corporation, NATIONSBANK CORPORATION, a foreign corporation, D&D INNOVATIONS, INC., a Michigan dissolved corporation, ORLANDO C. ROBINSON, TROTT& TROTT, P.C., a Michigan Professional Service Corporation, Jointly, severally and individually,

    Defendants.

Case No. 2:11-cv-13274

Hon. Patrick J. Duggan
Magistrate Judge Mona K. Majzoub

---

### OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This action involves fourteen counts relating to a residential mortgage and centers on the placement of a homeowner's insurance policy on the Plaintiff's property by the mortgagee of record. Presently before the Court is the Banking Defendants' Motion for Summary Judgment, filed electronically with the Court on July 27, 2012. *See* Notice of

1

Removal, 5, ECF No. 1. Plaintiff's counsel received an email notification regarding the filing on the same date. This Court previously sent notice to the parties advising them of the provisions of Eastern District of Michigan Local Rule 7.1(d)(1)(B), which provides: "[a] response to a dispositive motion must be filed within 21 days after service of the motion." *See* Notice Regarding Mot. Practice, Apr. 2, 2012, ECF No. 29. Nonetheless, and in spite of a notice sent to the parties on August 22, 2012, *see* ECF No. 41, scheduling a hearing on the Banking Defendants' motion, Plaintiff never filed a response. Accordingly, on September 6, 2012, the Court determined that oral argument would not significantly aid the decisional process and thus issued a notice informing the parties that it was dispensing with oral argument pursuant to Local Rule 7.1(e)(2). *See* ECF No. 42. For the reasons below, the Court shall grant the Banking Defendants' motion.

## I. PROCEDURAL BACKGROUND

Plaintiff Michael Ghiaciuc filed the instant suit in state court naming multiple defendants and alleging fourteen violations of federal and state law in connection with the administration of a residential mortgage. *See* Compl. Defendants filed a timely petition to remove the action based on federal question jurisdiction, which the Court granted. The Court Clerk processed Entries of Default on January 23, 2012, as to Defendants D&D Innovations, Inc. and Orlando C. Robinson, *see* ECF No. 23-24, and Defendant Trott & Trott has been terminated after succeeding on an unopposed motion to dismiss, *see* Order Granting Mot. Dismiss, May 15, 2012, ECF. No. 33. The defendants filing the present motion, referred to collectively as the "Banking Defendants," include: (1) Bank of America, N.A. ("BANA"), individually and as successor by merger to BAC

Home Loans Servicing, L.P. and NationsBanc Mortgage Corporation; (2) Bank of America Corporation ("BAC"), as successor by merger to NationsBank Corporation; (3) Balboa Insurance Company ("Balboa"); and (4) MeritPlan Insurance Company ("MeritPlan").

On July 27, 2012, the Banking Defendants, by and through their attorneys, moved for summary judgment on all of the counts: "Injunctive Relief" (Count I); "Intentional Interference with Quiet Enjoyment of Property" (Count II); "Breach of Contract" (Count III); "Wrongful Foreclosure" (Count IV); "Trespass" (Count V); "Fair Debt Collection Practices Act Violation" (Count VI); "Negligent Violation of the Fair Credit Reporting Act" (Count VII); "Willfull [*sic.*] Violation of the Fair Credit Reporting Act by Furnishers" (Count VIII); "Michigan Collection Practices Violation" (Count IX); "Civil Conspiracy" (Count X); "RICO Act Violation" (Count XI); "Intentional Infliction of Emotional Distress" (Count XII); "Fraud" (Count XIII); and "Intentional Interference with Contractual Relationship" (Count XIV).

Local Rule 7.1(d) provides that a response to a dispositive motion must be filed within twenty-one days after service of the motion. Although the time permitted under this rule expired on August 17, 2012, Plaintiff has not, as of this date, filed a response to the pending motion nor shown any proclivity to do so.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 instructs courts to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2012). A court

assessing the appropriateness of summary judgment asks "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986)).

The initial burden of proving the absence of a genuine dispute rests with the movant, *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548 (1986), who "must support the assertion by: (A) citing to particular parts of materials in the record…; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact[,]" Fed. R. Civ. P. 56(c)(1)(A)-(B).  While this inquiry requires the court to construe factual disputes, and the inferences there from, in the light most favorable to the non-moving party, only disputes over facts that might affect the outcome of the suit preclude the entry of summary judgment. *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510.

If the moving party discharges their initial burden using the materials specified in Federal Rule of Civil Procedure 56(c), the burden of defeating summary judgment shifts to the nonmovant who must point out specific material facts – beyond the pleadings or mere allegation – which give rise to a genuine issue of law for trial. *Anderson*, 477 U.S. at 256, 106 S. Ct. at 2514.  A mere scintilla of evidence supporting the nonmovant's claim will not preclude summary judgment; rather, there must be evidence on which a

4

jury could reasonably find for the nonmovant. *Hirsch v. CSX Transp., Inc.*, 656 F.3d 359, 362 (6th Cir. 2011).

Moreover, if, "after adequate time for discovery and upon motion," the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case[] and on which that party will bear the burden of proof at trial[,]" a court should enter summary judgment in favor of the moving party. *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552. When this occurs, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* 477 U.S. at 323, 106 S. Ct. at 2552. Thus, if the nonmovant does not support the elements of a claim or defense, the moving party is "entitled to judgment as a matter of law."

When, as here, the nonmoving party has not filed a response opposing the motion, a court's analysis varies slightly. In providing guidance on this situation, the Sixth Circuit announced that "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that [they have satisfied their initial burden of production]." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991); *see also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 410 (6th Cir. 1992) ("[T]he court must review carefully those portions of the submitted evidence designated by the moving party."). Needless to say, "[n]either the trial nor appellate court . . . will sua sponte comb the record from the partisan perspective of an advocate for the non-moving party. Rather, in the reasoned exercise of its judgment the

5

court may rely on the moving party's unrebutted recitation of the evidence, or pertinent portions thereof, in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are 'uncontroverted.'" *Guarino*, 980 F.2d at 410.

### III. UNCONTROVERTED FACTS

On September 28, 1998, Plaintiff and his then-wife Bethany Ghiaciuc obtained a $75,000 loan from Washtenaw Mortgage Co. ("Washtenaw") and executed a promissory note evidencing the loan. *See* Compl. ¶ 15; Def.'s Mot. Summ. J. 1-2. As security for the loan, Plaintiff granted a mortgage to Washtenaw on real property located in Algonac, Michigan ("the Property"), which was recorded with the St. Clair County Register of Deeds on October 1, 1998. *See* Compl. ¶ 15; Def.'s Mot. Summ. J. 2. On October 10, 1998, Washtenaw assigned the mortgage to NationsBanc Mortgage Corp. ("NationsBanc"), which was recorded in June of 1999. *See* Def.'s Mot. Summ. J. 2, Attach. 2 to Ex. A. BANA, as successor by merger to NationsBanc, is the servicer of Plaintiff's mortgage loan. *See* Def.'s Mot. Summ. J. 2.

Pursuant to the terms of the mortgage, Plaintiff was required to maintain homeowner's insurance on the Property and to provide the mortgagee of record, here BANA, sufficient documentation of the policy. *See* Mortgage, Def.'s Mot. Summ. J., Attach. 2 to Ex. A, ¶ 5. Despite sending a letter to Plaintiff, which Plaintiff received, labeled "IMPORTANT INSURANCE INFORMATION NEEDED" on May 10, 2010, requesting a copy of the homeowner's policy, and a follow-up letter dated May 24, 2010, reiterating the request, BANA did not receive any evidence of the policy until February

6

2011.  *See* Def.'s Mot. Summ. J., May 10, 2010 Letter, Attach. 4 to Ex. A; May 24, 2010 Letter Attach. 5 to Ex. A; Ex. B, Ghiaciuc Dep. 47:9-16.

In July 2010, before Plaintiff submitted any evidence of the insurance policy, BANA placed a one-year insurance policy from Balboa on the Property, sending notice to Plaintiff regarding how to have the insurance policy removed.  *See* Def.'s Mot. Summ. J., July 1, 2010 Letter, Attach. 6 to Ex. A.  The insurance coverage caused Plaintiff's monthly mortgage payment to increase.  *See* Def.'s Mot. Summ. J., Aug. 9, Letter, Attach. 7 to Ex. A.  Although on notice of BANA's actions and of the payment increase, Plaintiff admits that a full payment on the Note has not been made since October 2010.  *See* Def.'s Mot. Summ. J., Ex. B, Ghiaciuc Dep. 68:20-69:19.  This failure to pay resulted in Plaintiff's default and BANA's decision to accelerate the total amount due.  *See* Def.'s Mot. Summ. J., Diaz Dec., Ex. A, ¶ 8.  When the debt was not paid in full, BANA informed Plaintiff of its intent for foreclose.

## IV.   DISCUSSION

For the reasons stated below and more fully elucidated in the Banking Defendants' Motion for Summary Judgment and supporting Brief, the Court shall grant the Banking Defendants' Motion for Summary Judgment and dismiss all claims in the present action.

**A.    Claims Failing as a Matter of Law**

The Court grants the Banking Defendants' Motion for Summary Judgment on Counts I ("Injunctive Relief"), II ("Intentional Interference with Quiet Enjoyment of Property"), VI ("Fair Debt Collection Practices Act Violation"), IX ("Michigan Collection Practices Violation"), X ("Civil Conspiracy"), XI ("RICO Act Violation"),

XII ("Intentional Infliction of Emotional Distress"), XIII ("Fraud"), and XIV ("Intentional Interference with Contractual Relationship"). These counts fail as a matter of law due to Plaintiff's failure to point to evidence establishing elements essential to each cause of action on matters which Plaintiff would have shouldered the burden of proof at trial. *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

1.  ***Plaintiff's Claim for Injunctive Relief (Count I) Fails as a Matter of Law.***

    The Banking Defendants note that Count I does not state a claim because injunctive relief is an equitable remedy, not an independent cause of action. *See* Def.'s Mot. Summ. J. 6 (citing *Terlecki v. Steward*, 278 Mich. App. 644, 663, 754 N.W.2d 899, 912 (2008) (citations omitted)). Because Plaintiff has not demonstrated an entitlement to any form of relief on any of the counts contained in his Complaint, the Court grants summary judgment on Count I, which sought injunctive relief based upon those claims.

2.  ***Plaintiff's Claim for Intentional Interference with Quiet Enjoyment of Property (Count II) Fails as a Matter of Law.***

    Plaintiff's Complaint alleges that the Banking Defendants' "wrongful effort to dispossess" Plaintiff by foreclosure constitutes an intentional interference with the quiet enjoyment of his property. Compl. ¶ 92. Pursuant to general principles of property law, however, "the covenant of quiet enjoyment is breached only when the *landlord* 'obstructs, interferes with, or takes away from the tenant in a substantial degree the beneficial use of the *leasehold*.'" *D&T Const. Co. v. McVickers Shelby, L.L.C.*, No. 06-10533, 2006 U.S. Dist. LEXIS 90015, at *10 (E.D. Mich. Nov. 28, 2006) (emphasis added) (citing *Slatterly v. Madiol*, 257 Mich. App. 242, 258, 668 N.W.2d 154, 164

8

(2003)).[1] Plaintiff does not possess a leasehold interest and is not suing the landowner; rather, as the facts of the case suggest, Plaintiff is a mortgagor. Without establishing the predicate landlord-tenant relationship, which Plaintiff cannot do, there can be no breach of the covenant of quiet enjoyment. As such, Count II fails as a matter of law.

3.  *Plaintiff's FDCPA Claim (Count VI) Fails as a Matter of Law*

Count VI of Plaintiff's Complaint alleges that BANA and BAC violated the Fair Debt Collection Practices Act ("FDCPA"), codified at 15 U.S.C. § 1692 *et seq.* (2012). *See* Compl. ¶¶ 114-16. As an initial matter, "[l]iability under the Act can only attach to those defendants who meet the definition of 'debt collector.'" *Alexander v. Blackhawk Recovery & Investigation, L.L.C.*, 731 F. Supp. 2d 674, 677 (E.D. Mich. 2010); *see also Partlow v. Aurora Loan Servs., L.L.C.*, No. 11–12940, 2012 U.S. Dist. LEXIS 410, at *15-16 (E.D. Mich. Jan. 4, 2012) ("It is well settled that the provisions of the FDCPA apply only to professional debt collectors, not creditors or mortgagors.") (citations omitted). Neither BANA nor BAC satisfies this definitional threshold thus rendering the FDCPA inapplicable to the instant action.

BANA, as the servicer of the mortgage at issue, is exempted from the statutory definition of a "debt collector"; the FDCPA specifically excludes "(F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person . . . ." 15 U.S.C. § 1692a(6)(F)(iii) (2012). Insofar as

---

[1] Interestingly, Plaintiff's counsel represented the plaintiff in *D&T Construction* and this Court will assume that counsel read Judge Battanti's opinion.

9

Plaintiff was not in default when BANA acquired its interest in the loan, the FDCPA does not apply to BANA's actions.

The Banking Defendants contend, with supporting documentation, that BAC (a bank holding company) never attempted to collect anything from Plaintiff because BAC never possessed an interest of any type in the Property. *See* Def.'s Mot. Summ. J. 14, Ex. F. Plaintiff has not refuted this evidence. Without attempting to collect anything from Plaintiff, this Court cannot envision how BAC could fall within the purview of an act regulating collectors of debt.

For these reasons, the Court grants the Banking Defendants' Motion for Summary Judgment as to Count VI.

### 4. *Plaintiff's Michigan Collection Practices Act Claim (Count IX) Fails as a Matter of Law.*

As discussed in the immediately preceding section, Plaintiff's MCPA claim as to BAC fails as a matter of law because Plaintiff has failed to persuade the Court that BAC attempted to collect anything from Plaintiff. The Court finds Plaintiff's MPCA claim against BANA similarly unavailing. Even if all of the allegations in the Plaintiff's Complaint are true and even if Plaintiff could demonstrate that BANA is a "regulated person" within the meaning of the statute, Mich. Comp. Laws § 445.251(g), Plaintiff has failed to come forward with any evidence even suggesting that BANA violated the MCPA provisions alleged in his Complaint. Because Plaintiff would bear the burden of proof at trial and has not refuted the Banking Defendants' suggestion that no such

10

evidence exists, the Court grants the Banking Defendants' Motion for Summary Judgment as to Count IX.

### 5.     *Plaintiff's Civil Conspiracy Claim (Count X) Fails as a Matter of Law.*

"A civil conspiracy, by itself, is not a cognizable claim but is defined by the tort that constitutes the underlying theory of liability." *Partlow*, No. 11-12940, 2012 U.S. Dist. LEXIS 410, at *15 (citing *Mekani v. Homecomings Fin., L.L.C.*, 752 F. Supp. 2d 785, 789 n.2 (E.D. Mich. 2010) (citation omitted)); *Robbins v. Mortgage Elec. Registration Sys., Inc.*, No. 09-CV-295, 20009 U.S. Dist. LEXIS 104101, at *15 (E.D. Mich. Nov. 9, 2009) ("[A] claim for civil conspiracy may not exist in the air; rather, it is necessary to prove a separate, actionable tort.") (citation and quotation omitted).  As explored more fully below, Plaintiff's underlying tort claims fail as a matter of law.  This failure mandates that the Court grant the Banking Defendants' Motion for Summary Judgment as to Count X.

### 6.     *Plaintiff's RICO Claim (Count XI) Fails as a Matter of Law.*

One of several elements a plaintiff asserting a RICO claim must prove is the existence of an enterprise. *See, e.g.*, *United States v. Johnson*, 440 F.3d 832, 839-40 (6th Cir. 2006).  The documents submitted with the Plaintiff's Complaint do not support a finding that the Banking Defendants constituted an enterprise.  No documents submitted by Plaintiff mention MeritPlan by name and the only documents that mention Balboa relate to the cancellation of the lender-placed insurance policy. *See* Def.'s Mot. Summ. J. 20.  All of the documents BANA sent to Plaintiff relate to the servicing of Plaintiff's loan and the placement of the homeowner's policy on the Property. *Id.* 20-21.  Lastly, BAC

11

has no interest in the property. Insofar as Plaintiff has failed to point to any evidence supporting the existence of an enterprise – an essential element of the claim – the Court grants the Banking Defendants' Motion for Summary Judgment as to Count XI.

### 7. *Plaintiff's Intentional Infliction of Emotional Distress Claim (Count XII) Fails as a Matter of Law.*

To prevail on a claim of intentional infliction of emotional distress, Plaintiff must show evidence of: (1) conduct by the defendant that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society[,]" (2) the defendant's intent or recklessness, (3) causation, and (4) the plaintiff's severe emotional distress. *Robbins*, No. 09-CV-295, 20009 U.S. Dist. LEXIS 104101, at *22 (citing *Walsh v. Taylor*, 263 Mich. App. 618, 634, 689 N.W.2d 506, 517 (2004) (quotation omitted)).

Here, the essence of Plaintiff's argument is that the Banking Defendants breached the mortgage contract with him in various ways, disparaged his credit history, and purportedly trespassed and attempted to break into the Property. *See* Compl. ¶ 146. Even if true, this type of activity does not rise to the level of conduct necessary to satisfy the high standard for an intentional infliction of emotional distress claim. *Cf. Ursery v. Option One Mortgage Corp.*, No. 271560, 2007 Mich. App. LEXIS 1861, at *48 (Mich. Ct. App. July 31, 2007). Because no reasonable jury could regard the Banking Defendants' conduct as either extreme or outrageous, summary judgment as to Count XII is appropriate as a matter of law.

### 8. *Plaintiff's Fraud Claim (Count XIII) Fails as a Matter of Law.*

To prevail on a fraud claim, a plaintiff is required to prove: (1) that the defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. *Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336, 247 N.W.2d 813, 816 (1976) (internal quotations omitted). Plaintiff has failed to identify any fraudulent representations by *any* of the four Banking Defendants and has not explained how these representations induced Plaintiff's reliance. Because Plaintiff cannot establish the requisite elements to maintain a fraud action, Plaintiff's claim fails as a matter of law and the Court grants summary judgment as to Count XIII.

### 8. *Plaintiff's Intentional Interference with Contractual Relationship Claim (Count XIV) Fails as a Matter of Law.*

Plaintiff alleges that the Banking Defendants intentionally interfered with Plaintiff's contractual relationship with BAC under the Note and Mortgage by placing homeowner's insurance on the Property. *See* Compl. ¶¶ 157-62. To prevail on a claim for tortious interference with a contractual relationship, a plaintiff must prove: "(1) a contract; (2) a breach; and (3) instigation of the breach without justification by the defendant." *Servo Kinetics, Inc. v. Tokyo Precision Instruments, Co.*, 475 F.3d 783, 800 (6th Cir. 2007). Of greatest consequence to the instant action, a plaintiff must also prove "that the defendant was a 'third-party' to the contractual relationship." *Id; see also Willis*

*v. New World Van Lines, Inc.*, 123 F. Supp. 2d 380, 396 (E.D. Mich. 2000) ("[A] party cannot tortuously interfere with its own contract.").

Plaintiff's allegations fail as a matter of law with respect to each of the Banking Defendants. As explained elsewhere, BAC has no interest in the property. There is, therefore, no contract between BAC and Plaintiff. Moreover, because BANA is the mortgagee and servicing agent, not a third party to the contractual relationship at issue, no reasonable jury could find that BANA intentionally interfered with the contract.

Lastly, the claim fails as a matter of law with respect to the remaining Banking Defendants, MeritPlan and Balboa. The reason for this is two-fold. First, one who alleges tortious interference with a contractual or business relationship must allege the intentional doing of a per se wrongful act or the doing of a lawful act with malice and unjustified in law for the purpose of invading the contractual rights or business relationship of another. *Formall, Inc. v. Cmty. Nat'l Bank*, 166 Mich. App. 772, 779, 421 N.W.2d 289, 292 (1988) (citation omitted). Placing a homeowner's insurance policy on a property at the mortgagee of record's request does not strike this Court as per se wrongful, malicious, unjustified, or done for the purpose of invading Plaintiff's contractual rights. Plaintiff has not alleged or produced evidence to the contrary. Second, despite Plaintiff's fervent protestations of a contractual breach by BANA, this Court has not uncovered one. Without a breach, a cause of action for intentional interference with contractual relations does not arise.

For the aforementioned reasons, the Court grants the Banking Defendants' Motion for Summary Judgment on Count XIV.

**B.     Claims Lacking Evidentiary Support Sufficient to Defeat Defendant's Motion for Summary Judgment**

After careful analysis of the evidence submitted by the moving party, the Court is satisfied that the Banking Defendants have discharged their burden of coming forth with sufficient evidence to support their Motion for Summary Judgment on Counts III ("Breach of Contract"), IV ("Wrongful Foreclosure"), V ("Trespass"), VII ("Negligent Violation of the Fair Credit Reporting Act"), and VIII ("Willfull [*sic*] Violation of the Fair Credit Reporting Act by Furnishers").  Plaintiff has failed to refute the Banking Defendants' evidence and failed to demonstrate the existence of a genuine dispute as to any material facts purportedly involved in the instant action.  As such, the Court grants the Banking Defendants' Motion for Summary Judgment as to the remaining counts for the reasons below.

*1.     Defendants Have Demonstrated an Entitlement to Summary Judgment on Plaintiff's Claim for Breach of Contract (Count III).*

To prevail on a breach of contract claim, Plaintiff must (1) demonstrate the existence of a valid contract, (2) establish the contract's terms, (3) present evidence of a breach of those terms, and (4) show an injury causally related to that breach. *Webster v. Edward D. Jones & Co.*, 197 F.3d 815, 819 (6th Cir. 1999).  Plaintiff claims that BANA breached the mortgage by "impermissibly delegating duties…to other Defendants and/or seeking to have those Defendants commit a felony." *See* Compl. ¶ 98.  Plaintiff, however, does not know what duties were delegated impermissibly, who sought to have a felony committed, or what felony the Defendants hoped to accomplish. *See* Def.'s Mot. Summ. J., Ex. B, Ghiaciuc Dep. 71-72.  To the extent that Plaintiff bases the alleged

15

breach on BANA's placement of a homeowner's insurance policy on the Property, the claim fails. The mortgage agreement gave BANA the authority to protect its security interest by placing insurance on the property if Plaintiff failed to produce satisfactory evidence of the policy. *See* Def.'s Mot. Summ. J. 9; Mortgage, Attach. 2 to Ex. A, ¶ 5.

The Court is satisfied that the Banking Defendants have supported their position that a breach never occurred. Plaintiff has not offered any evidence to create a genuine issue of material fact in support of the breach of contract claim. Thus, the Court grants Banking Defendant's Motion for Summary Judgment as to Count III.

### 2. *Defendants Have Demonstrated an Entitlement to Summary Judgment on Plaintiff's Claim for Wrongful Foreclosure (Count IV).*

Plaintiff's Complaint alleges that the Banking Defendants, both insurance companies included, wrongfully foreclosed on the property and violated the Michigan foreclosure by advertisement statute. *See* Compl. ¶¶ 101-07. Plaintiff appears to suggest that he would not have defaulted had the Banking Defendants not wrongfully placed the homeowner's insurance policy on the Property. The Court, however, is satisfied that Plaintiff defaulted on the mortgage thus providing Defendants with the requisite justification to foreclose on the Property pursuant to the mortgage agreement. Plaintiff has not responded or offered any evidence to establish a genuine issue of material fact in support of this claim. Accordingly, the Court grants the Banking Defendants' Motion for Summary Judgment as to Count IV.

3.  *Defendants Have Demonstrated an Entitlement to Summary Judgment on Plaintiff's Trespass Claim (Count V).*

Plaintiff alleges that BANA and BAC caused someone to trespass onto the Property.  *See* Compl. ¶ 110.  BANA and BAC, on the other hand, have produced Plaintiff's deposition testimony wherein Plaintiff admits that he never saw anyone on the Property, as initially alleged in the Complaint.  *See* Def.'s Mot. Summ. J. 12, Ex. B, Ghiaciuc Dep. 84:17-85:3; Compl. ¶ 73.  Defendants have also rightly pointed out that Plaintiff produced no evidence during discovery suggesting that the alleged trespass ever transpired.  Because Plaintiff has produced no evidence beyond mere allegation and because Plaintiff would bear the burden of establishing the requisite elements of a trespass at trial, the Court grants the Banking Defendants' Motion for Summary Judgment as to Count V.

4.  *Defendants Have Demonstrated an Entitlement to Summary Judgment on Plaintiff's FCRA Claims (Counts VII and VIII).*

The Fair Credit Reporting Act ("FCRA") delineates the obligations of those who furnish information to credit reporting agencies ("CRA").  15 U.S.C. § 1681s-2(b) (2012).  While BANA meets the definition of a "furnisher of information" subject to the FCRA, the duties imposed upon furnishers of information do not arise until the furnisher receives notice directly from a CRA that a borrower has disputed the veracity of information reported by the furnisher.  *Id.*; *Kovacs v. JPMorgan Chase & Co.*, No. 09-10862, 2010 U.S. Dist. LEXIS 4138, at *8-9 (E.D. Mich. Jan. 20, 2010).  The essential element of a violation of this FCRA provision is that the furnisher of information received this notice from a CRA.  *Kovacs*, No. 09-10862, 2010 U.S. Dist. LEXIS 4138, at

17

*8-9. This element is essential because a plaintiff only has a cause of action *after* a furnisher of information is given notice *if* the furnisher of information fails to conduct a reasonable investigation. *Id.* BANA challenges Plaintiff's ability to provide any evidence that Plaintiff ever made a report to a CRA or that BANA ever received notice from the CRA. *See* Def.'s Mot. Summ. J. 15. Despite this challenge, Plaintiff failed to produce any evidence that either event occurred, either in response to the Banking Defendants' request for production or by opposing the present motion. Without substantiating the occurrence of these essential elements, Plaintiff simply cannot show that BANA's duty was ever triggered. As such, Plaintiff's FRCA claim fails as to BANA for want of establishing an essential element of the cause of action.

The claims against BAC, an entity with no interest in the Property, meet a similar fate as Plaintiff has not persuaded the Court that the FRCA applies. Accordingly, the Court grants the Banking Defendants' Motion for Summary Judgment on Counts VII and VIII.

## V.   CONCLUSION AND ORDER

For the reasons set forth above, the Court finds that the Banking Defendants are entitled to summary judgment with respect to all of Plaintiff's claims.

Accordingly,

**IT IS ORDERED** that the Banking Defendants' Motion for Summary Judgment is **GRANTED** and Plaintiff's claims as to Bank of America, N.A., Bank of America Corporation, MeritPlan Insurance Company, and Balboa Insurance Company are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.


Date:  September 18, 2012                    s/PATICK J. DUGGAN
                                             UNITED STATES DISTRICT JUDGE

Copies to:

Robert A. Kuhr, Esq.
Brian C. Summerfield, Esq.
Trevor M. Salaski, Esq.